IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH FURANDO, | : CIVIL ACTION NO. 1:23-CV-1350 |
| Petitioner | : (Judge Conner) |
| v. | : |
| WARDEN GARZA, | : |
| Respondent | : |

## MEMORANDUM

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2241. Petitioner, Joseph Furando, seeks a writ of habeas corpus compelling the United States Bureau of Prisons ("BOP") to transfer him to home confinement pursuant to the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. We will dismiss the petition without prejudice because federal courts do not have the authority to order transfer of a prisoner to home confinement pursuant to the CARES Act.

**I.     Factual Background & Procedural History**

Furando is incarcerated in Canaan Federal Prison Camp ("FPC-Canaan") serving a 240-month sentence of imprisonment for conspiracy to commit criminal offense and to defraud the United States, wire fraud, false statements, and engaging in prohibited financial transactions. See Furando v. Ortiz, No. 20-3739, 2020 WL 1922357, at *1 (D.N.J. Apr. 21, 2020). He filed the instant petition on August 14, 2023, seeking a writ of habeas corpus compelling the BOP to transfer him to home confinement pursuant to the CARES Act. (Doc. 1).

## II. <u>Legal Standard</u>

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4. District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241. 28 U.S.C. § 2254 Rule 1.

## III. <u>Discussion</u>

Dismissal of this case under Rule 4 is appropriate. Federal courts do not have authority to order the BOP to transfer inmates to home confinement pursuant to the CARES Act. See, e.g., <u>Folk v. Warden Schuylkill FCI</u>, No. 23-1935, 2023 WL 5426740, at *2 (3d Cir. Aug. 23, 2023) (nonprecedential);[1] <u>Hussain v. Warden Allenwood FCI</u>, No. 22-1604, 2023 WL 2643619, at *2 (3d Cir. Mar. 27, 2023) (nonprecedential); <u>Collins v. Warden Canaan FPC</u>, No. 21-2878, 2022 WL 2752536, at

---

[1] The court acknowledges that nonprecedential decisions are not binding upon federal district courts. Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

2

*2 (3d Cir. July 14, 2022) (nonprecedential); Washington v. Warden Canaan USP, 858 F. App'x 35, 36 (3d Cir. 2021).[2]

## IV.     Conclusion

We will dismiss the petition for writ of habeas corpus without prejudice. An appropriate order shall issue.

      /S/ CHRISTOPHER C. CONNER
      Christopher C. Conner
      United States District Judge
      Middle District of Pennsylvania

Dated:     September 18, 2023

---

[2] Even if we had authority to grant the requested relief, it appears that Furando's petition would be moot. The BOP's expanded authority to grant home confinement pursuant to the CARES Act only lasted for the "covered emergency period," see Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020), which the statute defines as "the period beginning on the date on which the President declared a national emergency under the National Emergencies Act (50 U.S.C. 1601 et seq.) with respect to the Coronavirus Disease 2019 (COVID-19) and ending on the date that is 30 days after the date on which the national emergency declaration terminates," see id. § 12003(a)(2), 134 Stat. at 516. The national emergency declaration for the COVID-19 pandemic ended on May 11, 2023. See, e.g., *End of the Federal COVID-19 Public Health Emergency (PHE) Declaration*, CDC (updated September 12, 2023), https://www.cdc.gov/coronavirus/2019-ncov/your-health/end-of-phe.html. The BOP's expanded authority to grant home confinement pursuant to the CARES Act consequently expired on June 10, 2023.